UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MARTIN, | Case No. 2:24-cv-02100-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | FINDING THAT THE COMPLAINT STATES COGNIZABLE CLAIMS |
| COUNTY OF SAN JOAQUIN, *et al.*, | AGAINST BOTH NAMED DEFENDANTS |
| Defendants. | ECF No. 1 |

Plaintiff, a county inmate represented by counsel, alleges that the County of San Joaquin and defendant Spears, a sheriff's deputy, violated his constitutional rights by using excessive force against him. He also brings state law claims for negligence and battery associated with the same excessive force incident. I find these claims cognizable for screening purposes. Plaintiff further indicates that claims against various "Doe" defendants may be forthcoming, but only after they are identified in the course of discovery. ECF No. 1 at 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.[1] *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

---

[1] The Prison Litigation Reform Act requires federal district courts "to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro*

1

1   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

2   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

3   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

4     A complaint must contain a short and plain statement that plaintiff is entitled to relief,

5   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

7   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

8   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

9   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

10  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

11  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

12  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

13  n.2 (9th Cir. 2006) (en banc) (citations omitted).

14    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

15  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

16  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

18  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

19  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

20  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21               **Analysis**

22    Plaintiff alleges that, on September 20, 2023 and at the San Joaquin County Jail,

23  defendant Spears used excessive force against him.  ECF No. 1 at 2.  Specifically, he alleges that

24  Spears subdued him with pepper spray and, after he was handcuffed and no longer a threat, struck

25

26  *se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997);

27  *Pruitt v. Bobbala*, No. 2:20-cv-0632-KJM-AC (P), 2023 WL 2277540, at *1 (E.D. Cal. Feb. 28, 2023).

28

him in the head multiple times with a metal object. *Id.* These allegations are sufficient to state a Fourteenth Amendment excessive force claim against defendant Spears. The claim proceeds under the Fourteenth rather than the Eighth Amendment because it appears that plaintiff was a pretrial detainee at the time. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). And plaintiff's claim against the county itself for this incident may proceed because he alleges that abuses like the one alleged here are part of a "culture of tolerance" within the county sheriff's office. ECF No. 1 at 3; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) ("[L]ocal governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."). I also find that the court should exercise pendent jurisdiction over plaintiff's state law claims for negligence and battery based on the same incident. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Accordingly, it is ORDERED that:

1. Under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the court has screened the complaint, ECF No. 1, and found service appropriate for defendant San Joaquin County and Spears based on the claims identified above.

2. Plaintiff's counsel shall ensure that defendants are properly served within the deadline set by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:    August 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE